J-A21013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN WHITE | : | |
| | : | |
| Appellant | : | No. 200 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0013419-2010.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN WHITE | : | |
| | : | |
| Appellant | : | No. 201 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0013420-2010.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN WHITE | : | |
| | : | |
| Appellant | : | No. 202 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020,

in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0013421-2010.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 26, 2021**

Kevin White appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

In White's direct appeal, we cited the trial court's recitation of the pertinent facts:

> On July 14, 2010 Anthony White ("Anthony") hosted a party for his friends at his address of 4913 North Carmac Street.  On July 15, 2010, at approximately 1:00 a.m., [White, (unrelated to Anthony)] and Lashawn Peterson ("Lashawn") were sitting on the porch of 4939 Carmac Street when they were approached by Lamar Clanton ("Lamar") and Nasir Johnson ("Nasir").  Lamar and Nasir discussed robbing the party down the block that Anthony was hosting.  Lamar and Nasir planned to gain entry to the party while [White] and Peterson kept watch outside for police.  The four men then walked down the street to Anthony's house.
>
> At approximately 1:45 a.m., Nasir attempted to gain entrance to the party.  Anthony refused to let Nasir into the party and as Anthony was attempting to close the inside door, Lamar ran onto the porch with a blue-green garment covering his face and fired his gun.  The first bullet went through the screen door, passed through Anthony's shoulder, and hit Rendell Miller ("Rendell"), [killing him]. Anthony then succeeded in closing the door, after which two more shots were fired.  Another party guest, Glenn Thornton ("Glenn"), was seated on a chair near the door and was

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

grazed in the chest by a bullet. Anthony watched through the window as Lamar and Nasir ran off the porch heading northward up the street. Throughout this whole time [White] was standing close by, acting as a lookout.

Ryan Hatchell ("Ryan") was driving down the 4900 block of North Carmac Street at approximately 1:45 a.m. when he heard the gun shots and saw a muzzle flash on the porch of the party house. He saw two individuals run from the house toward 4939 North Carmac Street, the house at which [White] had been sitting earlier that evening. Ryan then called the police. In responding to the radio call, Officer Comitalo went to 4939 North Carmac Street and found [White] on the porch. The officer obtained consent to search the house and found Lashawn on the second floor lying down . . . with his eyes closed, [in an attempt to appear as though he was sleeping]. The shirt matched the description of the shooter.

*Commonwealth v. White*, 136 A.3d 1036 (Pa. Super. 2016), non-precedential decision at 1-2 (citing Trial Court Opinion, 3/20/15, at 3-4).

Following his arrest, White was charged with second-degree murder and related charges. On October 4, 2013, a jury convicted him of third-degree murder, conspiracy to commit robbery, and two counts of aggravated assault. On March 7, 2014, the trial court sentenced White to an aggregate term of 19 to 40 years of imprisonment. The trial court denied White's post-sentence motion.

White appealed to this Court challenging the sufficiency and the weight of the evidence supporting his convictions. Finding no merit to either claim, we affirmed White's judgment of sentence on January 22, 2016. *White*, *supra*. On June 15, 2016, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. White*, 140 A.3d 13 (Pa. 2016).

On September 9, 2016, White filed a timely PCRA, and the PCRA court appointed counsel. After being granted a few extensions, PCRA counsel filed an amended PCRA on January 28, 2018, in which White claimed that trial counsel was ineffective for failing to call character witnesses. The Commonwealth was also granted several extensions of time in which to respond and filed a motion to dismiss on October 17, 2018. On November 22, 2019, the PCRA court held an evidentiary hearing at which White, his proffered character witnesses, and trial counsel testified. The PCRA court took the matter under advisement and asked the parties for supporting briefs. By order entered December 17, 2020, the PCRA court denied White's PCRA petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

White raises the following issue on appeal:

1. Did the PCRA court err where at an evidentiary hearing [White] proved by a preponderance of the evidence that his trial counsel provided him with ineffective assistance where trial counsel failed to investigate and to procure character witnesses to testify that [White] enjoyed a reputation for being a peaceful and non-violent person?

White's Brief at 6.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings

- 4 -

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

White's issue challenges the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

When attempting to prove ineffectiveness, the burden is always on the PCRA petitioner.[1] While claims of trial court error may support the arguable merit element of an ineffectiveness claim, a PCRA petitioner must meaningfully discuss each of the three prongs of the ineffectiveness claim in

_____

[1] At the evidentiary hearing, PCRA counsel mistakenly opined that it was the Commonwealth's burden to call trial counsel. ***See*** N.T. 11/22/19, at 24.

order to prove that he is entitled to relief. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015).

To establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

***Commonwealth v. Hall***, 867 A.2d 619, 629 (Pa. Super. 2005) (citation omitted). Because character evidence may be sufficient in and of itself to acquit a defendant, the failure to put on character witnesses may be ineffective assistance of counsel if counsel has no reasonable basis for not calling the witness. ***Commonwealth v. Hull***, 982 A.2d 1020, 1023 (Pa. Super. 2009).

Here, the PCRA court concluded that White's claim had arguable merit. PCRA Court Opinion, 12/17/20, at 6. Thus, the court proceeded to discuss whether trial counsel had a reasonable basis for not calling character witnesses.

In order to show that trial counsel's strategy lacked a reasonable basis, an appellant must establish that the strategy pursued was "so unreasonable that no competent lawyer would have chosen that course of conduct." ***Commonwealth v. Rega***, 933 A.2d 997, 1019 (Pa. 2007) (citation omitted).

Counsel is presumed effective, and if the record supports a finding that trial counsel's strategy "had *some reasonable* basis designed to effectuate his client's interests," then counsel is deemed to be effective. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (emphasis in original; citation omitted). As our Supreme Court stated in ***Pierce***:

> The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Id.*** Regarding the decision whether to call character witnesses, our Supreme Court has held that "[c]ounsel has a reasonable, strategic basis for not calling character witnesses if he has a legitimate reason to believe that the Commonwealth would cross-examine the witnesses concerning bad-character evidence." ***Hull***, 982 A.2d at 1023.

Here, in addressing this issue, the PCRA court first summarized the testimony from the PCRA hearing:

> At the evidentiary hearing, White conceded that he and his trial counsel had discussed calling character witnesses to testify on his behalf, and that trial counsel did not believe it was wise to call those witnesses because White's *confession to detectives* prior to trial could be used to cross-examine his potential character witnesses.
>
> ***
>
> Trial counsel also testified about his informed decision not to call character witnesses to testify on White's behalf. Trial counsel reasonably believed that White's confession to participating in a deadly robbery would undercut the credibility of such witnesses, and that White's own

- 7 -

> testimony on the stand at trial had already earned him the sympathy of the jury.
>
> ***
>
> Trial counsel further testified on cross-examination that he and White had discussed this defense strategy at length and on multiple occasions[.]

PCRA Court Opinion, 12/17/20, at 7-9 (unnumbered) (emphasis in original; citations to record omitted).

Based on this testimony, the PCRA court concluded that trial counsel's strategy was not only reasonable, but also effective:

> The verdict rendered by the jury demonstrates that this strategy was effective. Despite confessing to his involvement in the robbery, the jury only convicted him of third-degree murder, as opposed to second-degree murder, which would have been supported by the evidence presented at trial.

*Id.* at 9 (unnumbered). Our review of the record supports the PCRA court's conclusion that trial counsel possessed a reasonable basis not to call character witnesses.[2] *See Commonwealth v. Rainey*, 656 A.2d 1326, 1331 (Pa. 1995) (accepting as reasonable trial counsel's trial strategy that "it would have been unproductive to ask the jury to consider the good character of an

---

[2] The PCRA court noted that "the reasonableness of trial counsel's strategy [was] further confirmed by White's own, knowing decision to abide by that strategy at trial". PCRA Court Opinion, 12/17/20, at 11 (unnumbered). Alternatively, the PCRA court found that White's decision at trial not to call witnesses [precluded] his ineffective assistance claim. *See id.* (citing *Commonwealth v. Paddy*, 800 A.2d 294, 315 (Pa. 2002). Our review supports the PCRA court's alternate conclusion

individual who had admitted participating in an attempted robbery which resulted in the death of the victim").[3]

White presents numerous reasons why he believes trial counsel's strategy was unreasonable. *See* White's Brief at 20-23. He then summarizes these reasons as follows:

> [Trial counsel] failed miserably in serving the best interests of his client. Counsel's crimen falsi calls into question his credibility and his knowledge and skill. His explanation about his strategy was incredible because it is not based upon a competent investigation or upon the existence of any evidence that would have led to a reasonable conclusion that [White] would have been harmed by presenting character witnesses and being cross-examined in some way about them.
>
> \*\*\*
>
> Where there is no reasonable explanation, as there is here where counsel's entire reason for not presenting [character witnesses] was because the Commonwealth might cross-examine, represents prejudice to [White] of the highest order.

White's Brief at 23-24.[4] We disagree.

_____

[3] Given this disposition, the PCRA court did not have to address the prejudice prong of the ineffective assistance test. ***Martin***, ***supra***. Thus, we need not address White's challenge to the PCRA court's finding of no prejudice. ***See*** White's Brief at 23-24.

[4] Trial counsel had been convicted of several drug and *crimen falsi* offenses and was on state parole at the time of the PCRA hearing. Counsel's convictions had no bearing on the quality of the legal services he provided as White's counsel.

White's argument ignores the fact that he gave a full confession about his participation in a violent attempted robbery that resulted in the victim's death. Unlike other cases where a "broad-based concern" regarding the risk of cross-examination was found to be ineffective, **see**, **e.g.**, **Hull**, **supra**, in the instant case trial counsel had a reasonable strategy given White's full confession to police. **Rainey**, **supra**.

In sum, because our review of the record supports the PCRA court's conclusion that trial counsel had a reasonable basis to forgo the calling of character witnesses, White's ineffectiveness claim fails, and we affirm the order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021